## Commonwealth ex rel. Linde, Appellant, *v.* Maroney.

Submitted October 6, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Elmer Carl Linde,* appellant, in propria persona.

*Edward B. Doran,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:

The appellant, Elmer Carl Linde, on September 6, 1958, was convicted by a jury of murder in the first degree, and punishment was fixed at life imprisonment. Sentence was imposed in accordance with the jury's verdict, and no appeal from the judgment was entered.

On December 12, 1963, Linde instituted an action of habeas corpus which the lower court dismissed without hearing. On appeal, we reversed and remanded the record to the lower court with directions to hold a hearing to specifically determine whether or not a statement given by Linde to investigating officers, and introduced against him at trial, was freely and voluntarily given (see, 416 Pa. 331).

Subsequently, this hearing was held, following which the lower court again dismissed the action after making specific findings of fact, and a conclusion therefrom that the statement was freely and knowingly given and did not result from any act or acts of coercion. This appeal was then filed.

We agree with the lower court's conclusion. The following facts are disclosed by the record.

On June 13, 1958, about 1:30 a.m. o'clock, Linde went to the home of his estranged girl friend, and tried unsuccessfully to shoot her from the outside aiming through the bedroom window. He then entered the

home and fired five bullets into her body which caused immediate death. In the melee, he received a serious gunshot wound in the side of the body.

Shortly afterwards, he was removed to a hospital where an emergency operation was performed, which concluded at 4:50 a.m. o'clock. About one hour and a half before the operation, he was injected with a narcotic drug to relieve pain and to counteract shock. Immediately before and during the operation (which commenced about 4 a.m. o'clock), he was administered a large quantity of sodium pentothal to induce general anesthesia.

The police questioning, which resulted in the statement involved, began in the hospital the same morning about 10 a.m. o'clock. The questions submitted and Linde's answers thereto were stenotyped by an official court reporter. Beforehand, he was warned that anything he said would be used against him in court.

Four days later, on June 17th, the investigating officers returned to the hospital and presented Linde with a typewritten copy of the statement recorded on June 13th. He read it, suggested a correction to one of his answers appearing therein, and after this was effected, signed the statement at the end thereof.

On June 23rd, the officers again visited Linde in the county jail, where the statement was once more discussed. Again, at his suggestion, an additional correction was made thereto and afterwards he wrote his initials thereon adjacent to the correction.

In view of the fact that Linde had been given a substantial quantity of drugs within a few hours of making the statement, there would be serious questions as to its admissibility, if important additional circumstances were not present. However, the subsequent events, relative to the statement, erased any possibility that it was not the product of a rational intellect and a free will. If Linde had rejected the statement on

June 17th, and refused to sign it, or even if later on June 23rd, he had indicated that it was not the truth or his free act, the argument now pressed against its voluntariness might have merit. But, this is not the case. According to the record, he reaffirmed the statement, not only on June 17th, but again on June 23rd, under circumstances completely devoid of any coercion. In view of these facts, the only reasonable conclusion is that it was his statement, understandingly and freely given. It is readily understandable why both the trial jury and the court in the habeas corpus proceeding hearing reached this conclusion.

Linde also complains that the statement was constitutionally invalid and, therefore, inadmissible at trial, because the record does not affirmatively show that he was warned of certain constitutional rights before or during the police questioning, citing: *Escobedo v. Illinois,* 378 U.S. 478 (1964). This issue is controlled by *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.