**Arthur Dale JACK, Appellant,**

v.

**B. J. RHAY and The State of Washington, Appellee.**

**No. 20826.**

United States Court of Appeals Ninth Circuit.

Sept. 14, 1966.

D. L. Donaldson, Spokane, Wash., for appellant.

John J. O'Connell, Atty. Gen. for Washington, Stephen C. Way, Joseph M. Littlemore, Asst. Attys. Gen., Olympia, Wash., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner, was convicted and his conviction affirmed. State

of Washington v. Jack, 63 Wash.2d 632, 388 P.2d 566 (1964). Certiorari was denied. 379 U.S. 856, 85 S.Ct. 107, 13 L.Ed. 2d 59 (1964).

We agree with the opinion and order of the district court, as follows:

"Petitioner, a State prisoner, asks for a writ of habeas corpus under 28 U.S.C.A. §§ 2241–2254. He has exhausted his State court remedies by an appeal on all issues raised here. His further application to that court would be an exercise in futility. Rhay v. Browder, 342 F.2d 345, 348 (9 Cir. 1965).

■ "The facts are alleged in the petition and set out in detail in the opinion in State of Washington v. Jack, 63 Wn. 2d 632, 388 P.2d 566 (1964). For the purposes of this opinion we accept the facts stated in the petition as true. We find no substantial variance between the facts stated in the petition and the opinion and therefore have not reviewed the transcript of the trial which is part of the appeal record. Since we are considering the facts stated as true there is no necessity of a further factual hearing here. Linden v. Dickson, 287 F.2d 55, 58 (9 Cir. 1961):

'Reliance on a state supreme court opinion does not satisfy the requirement that a state court record must be examined for vital flaws before a state adjudication of a disputed question of fact may be accepted. But as to facts which are not disputed an unchallenged recital thereof in a state supreme court may be accepted as true by the district and this court. * * *'

"Petitioner and three others were tried and convicted of grand larceny in the Superior Court of Lincoln County Washington. They were arrested shortly after a quantity of wheat was taken at night from an elevator in an isolated farming area. Petitioner was seen at the elevator at the time wheat was being removed. Petitioner and two others were arrested by citizens, non officers, on an isolated, little used road, at a late night hour when there was no traffic. Petitioner complains that there was no lawful search of the truck and his car. He argues the arrest was unlawful and a search without a search warrant made the fruit of the search inadmissible.

■■ "Under all of the facts it is established to my satisfaction that the arrest was lawful and the search was incident to it. This made the evidence admissible. Reasonable cause to believe that a felony has been committed and the arrested person committed it are sufficient to legalize the arrest even if made by private citizens. See the following:

"Fernandez v. Klinger, 346 F.2d 210, 211–212 (9 Cir. 1965);

Elkanich v. U. S., 327 F.2d 417 (9 Cir. 1964), Cert. denied 377 U.S. 917 [84 S.Ct. 1182, 12 L.Ed.2d 186];

Ward v. U. S., 316 F.2d 113 (9 Cir. 1963), Cert. denied 375 U.S. 862 [84 S.Ct. 132, 11 L.Ed.2d 89];

Richardson v. U. S., 217 F.2d 696 (8 Cir. 1954);

United States v. Coplon, 185 F.2d 629, 634 [28 A.L.R.2d 1041] (2 Cir. 1950), Cert. denied 342 U.S. 920 [72 S.Ct. 362, 96 L.Ed. 688];

Dorsey v. U. S., 174 F.2d 899, 901 (5 Cir. 1949), Cert. denied 338 U.S. 950 [70 S.Ct. 479, 94 L.Ed. 586] and 340 U.S. 878 [71 S.Ct. 116, 95 L.Ed. 639];

State v. McClung, 66 Wash. Dec. 639, 644 [66 Wash.2d 654, 404 P.2d 460] (1965).

■■ "The petitioner claims denial of due process because his lawyer was limited to 20 minutes in jury argument. The conduct of the trial rests in the Court's discretion and there appears no abuse of that discretion.

It is hereby ordered that the application for writ is denied and the petition is dismissed."

We affirm the denial and dismissal.