Commonwealth ex rel. Linde, Appellant, *v.* Maroney.

Submitted March 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused December 19, 1968.

*Elmer Carl Linde,* appellant, in propria persona.

*Gilfert M. Mihalich,* Assistant District Attorney, and *Joseph M. Loughran,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

Appellant, whom we have met before, see *Commonwealth ex rel. Linde v. Maroney,* 420 Pa. 31, 215 A. 2d 628 (1966); *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 206 A. 2d 288 (1965), claims that he was not informed of his right to direct appeal, with free counsel if necessary, in violation of *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). Appellant's petition was dismissed below without a hearing.

Appellant has had a prior collateral hearing at which he was represented by counsel. Under §4(b)(1) of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-4(b)(1), a knowing and understanding failure to raise an issue at a prior collateral proceeding acts as a waiver of that issue. Section 4(c) provides that failure to raise an issue is rebuttably presumed to be knowing and understanding, where as here appellant was represented by counsel at his prior collateral proceeding, see *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968); *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968), there is no indication that appellant's failure to raise his *Douglas* claim was not knowing and understanding. Thus the claim has been waived.

The order of the court below is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.