**Elmer Carl LINDE**

v.

**Joseph R. BRIERLEY, Superintendent,
State Correctional Institution,
Pittsburgh, Pennsylvania.**

**Civ. A. No. 69–705.**

United States District Court,
W. D. Pennsylvania.

July 30, 1969.

Elmer C. Linde, in pro. per.

## MEMORANDUM OPINION

GOURLEY, District Judge.

The sole constitutional ground asserted as a basis for relief in this habeas corpus proceeding is the alleged denial of petitioner's right to counsel on appeal from judgment of sentence.

The Court has now received and thoroughly reviewed the entire state court records in this proceeding, including the record of trial, two post-conviction proceedings, the appeals therefrom, and whatever transcripts of hearing exist. As previously set forth in the Memorandum Opinion of this Court dated June 24, 1969, petitioner was indicted for the offense of murder at No. 4 July Term 1958 in the Court of Oyer and Terminer of Westmoreland County, Pennsylvania and convicted of murder in the first degree after trial by jury. Petitioner's Motion for New Trial was denied, and judgment of sentence of life imprisonment was imposed on May 15, 1959. No appeal was taken from the judgment of sentence.

Thereafter, on December 12, 1963, the petitioner filed a pro-se Petition for a Writ of Habeas Corpus in the Court of Common Pleas of Westmoreland County at No. 691 October Term 1963. The Petition contained no allegation that petitioner had been denied the right to counsel on appeal. Subsequently, the Petition was denied without hearing. On appeal from the denial of this Petition, the Supreme Court of Pennsylvania, at No. 223 March Term 1964, remanded for hearing. Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 206 A.2d 288 (1965).

On remand, counsel was appointed for the petitioner. Counsel for the petitioner proceeded to file an Amendment to the original pro-se Petition on February 23, 1965 but conspicuously failed to allege that petitioner was denied a right to counsel on appeal. A hearing was held upon the grounds asserted on February 26, 1965, and the Petition again was denied. On appeal at No. 183 March Term 1965, the Supreme Court of Pennsylvania affirmed. Commonwealth ex rel. Linde v. Maroney 420 Pa. 31, 215 A.2d 628 (1966).

On July 28, 1967, petitioner filed a second collateral proceeding, a Post-Conviction Hearing Act Petition, wherein, for the first time, petitioner asserted the denial of his right to counsel on appeal from the judgment of sentence. The Petition was denied without hearing. On appeal at No. 43 March Term 1968, the Supreme Court of Pennsylvania affirmed. Commonwealth of Pennsylvania ex rel. Linde v. Maroney 432 Pa. 324, 248 A.2d 235 (1969).

Speaking through Mr. Justice Roberts, the Supreme Court of Pennsylvania rendered an Opinion in which it concluded that petitioner had waived the issue of denial of right to counsel on appeal by failing to raise that issue in petitioner's first collateral proceeding. Finding that petitioner was represented by counsel at the hearing conducted in the first collateral proceeding, the Court determined that, under Sections 4(b) (1) and 4(c) of the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–4(b) (1), (c), petitioner was rebuttably presumed to have knowingly and understandingly failed to raise the issue of denial of right to counsel on appeal. Finding no indication to the contrary, the Court held that the issue had been waived and, therefore, could not be raised in the second collateral proceeding in the State courts.

Petitioner now attempts to raise the issue of the denial of right to counsel on appeal in his collateral proceeding in this Court. However, before reaching the merits of the issue, a preliminary question to be resolved is whether the right to raise the issue has been waived.

The relevant inquiry is whether the petitioner deliberately bypassed his state remedies by failing to raise the issue in his first collateral proceeding in the State courts. A waiver consists of an intentional relinquishment or abandonment of a known right or privilege, and every presumption against waiver is to be indulged. Fay v. Noia 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962); United States ex rel. Bolognese v. Brierley, 412 F.2d 193 (3rd Cir. 1969).

From a full review of the State court records, this Court finds that such a waiver has occurred. Petitioner had an opportunity to raise the issue in the pro se Petition filed on December 13, 1963 in the first collateral proceeding in the State Court. Failing to do so, he was afforded a second opportunity when appointed counsel filed an Amendment to the Petition on February 23, 1965. However, the contention was not raised in the Amendment. Although the Supreme Court of Pennsylvania determined that a waiver had occurred under the criterion set forth in the Pennsylvania Post Conviction Hearing Act, this Court concurs in the finding of a waiver by virtue of its independent determination of that issue under the applicable federal standard.

An appropriate order is entered.