WALTER L. ROGERS, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6024

May 11, 1970                    468 P.2d 993

*G. W. Belcher*, of Reno, for Appellant.

*Harvey Dickerson*, Attorney General, Carson City; *William J. Raggio*, District Attorney, and *Kathleen M. Wall*, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

In this appeal we are asked to rule on the effective application of NRS 177.375 of our Post-Conviction Procedure Act to repetitive petitions filed thereunder. NRS 177.375 provides:

"All grounds for relief available to a petitioner under NRS 177.315 to 177.385, inclusive, *must be raised in his original, supplemental or amended petition.* Any ground not so raised or finally adjudicated or knowingly and understandably waived in the proceedings resulting in the conviction or sentence or in

any other proceeding that the petitioner has taken to secure relief from his conviction or sentence may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for reasonable cause was omitted or inadequately raised in the original, supplemental, or amended petition." (Emphasis added.)

1. *Direct Appeal.*

Appellant Walter L. Rogers was charged with murder. He was tried to a jury, convicted, and sentenced to life imprisonment without possibility of parole. We sustained his conviction on a direct appeal, in Rogers v. State, 83 Nev. 376, 432 P.2d 331 (1967).

2. *First Post-Conviction Application.*

In 1968 Rogers filed his first post-conviction application under our Post-Conviction Procedure Act (NRS 177.315–177.385). In that application Rogers claimed that his conviction was void because the jury that tried him had not been selected in accord with the mandates prescribed in Witherspoon v. Illinois, 391 U.S. 510 (1968). The State answered that the ruling in Witherspoon was applicable only in those cases where the jury had returned the death penalty. The district judge agreed, and the application was dismissed. Rogers filed a notice of appeal from the court's order of dismissal, but he never perfected the appeal.

3. *Second Post-Conviction Application.*

In 1969 Rogers filed his second post-conviction application, asserting this time that his conviction was void on the ground that the physical evidence offered by the State and received during his trial was illegally obtained.[1] The district judge denied Rogers's second post-conviction application on the ground that he had failed to raise the issue in his first post-conviction application and, under the provisions of NRS 177.375, supra, was barred from doing so in successive petitions. We agree, and we affirm the order of the district court dismissing the second post-conviction application.

4. *Successive Post-Conviction Applications.*

It is clear from the language of NRS 177.375, supra, that successive post-conviction applications are not prohibited in every case, but only in those cases where the petitioner "knowingly and understandingly" waived the ground for which he now seeks relief, or had no "reasonable cause" for omitting the

---

[1]Rogers's then counsel of record failed to move to suppress the evidence prior to trial and indeed did not object when it was offered during the trial.

ground in his "original, supplemental, or amended petition." NRS 177.375 was drawn from the Uniform Post-Conviction Procedure Act's "Waiver of Claims" section. § 8, 9B, U.L.A. (1966). The Note, thereunder, of the Conference of Commissioners on Uniform State Laws explains with clarity the reason for the rule:

"Many petitions for habeas corpus or other post-conviction relief are repetitious; others often are specious. This places an unnecessary burden upon the courts. It is highly desirable that a petitioner be required to assert all of his claims in one petition. His failure to assert them constitutes a waiver. The way is left open, however, for a subsequent petition if the court finds grounds for relief that could not reasonably have been raised in the original petition."

Criminal appeals must be given finality. In the absence of a subsequent court decision of constitutional dimension that bears on a defendant's right to a fair trial, the court need not entertain petitioner's successive applications for relief unless petitioner's failure to assert the grounds for relief in his original application may be excused under the provisions of NRS 177.-375. The question is not how many writs the applicant may file, but whether or not he can compel the court to entertain them. We hold that, even though a petitioner may file successive writ applications under the Act, the court is not required to entertain such petitions unless the petitioner satisfactorily explains in his later application for relief why he failed to assert the grounds that he had available to him in his "original, supplemental or amended petition." Other jurisdictions have so held.

In Tiller v. Warden, 229 A.2d 600, 603, 604 (Md.App. 1967), it was held that a petitioner was barred from filing successive post-conviction applications unless he showed "special circumstances" for his omission on prior applications. Relying upon a provision substantially similar to our own NRS 177.375, the court held:

". . . [A]pplicant asserts no facts other than the mere conclusory statement that he was not present at all stages of his trial. Not having alleged any 'special circumstances' in his second petition to excuse his failure to have raised the issue either on direct appeal or in his first petition under the Act he will not be afforded an opportunity to do so for the first time at a hearing on his second petition."

In People v. Burks, 227 N.E.2d 84 (Ill.App. 1967), the

Illinois appellate court summarily affirmed the dismissal of a second post-conviction petition. The court held that the dismissal of a first post-conviction petition from which an appeal was taken was *res judicata* under their statute and that the petitioner had waived any claim of substantial denial of constitutional rights which he had not raised in the original or amended petition.

The same result was reached by the Supreme Court of Pennsylvania in Commonwealth v. Black, 249 A.2d 561 (Pa. 1969), in relying upon a similar post-conviction procedural provision. In that case it was held that the lower court properly denied a hearing on a second post-conviction application. As the court observed at 562:

". . . Since appellant does not produce any evidence of extraordinary circumstances which would justify this failure, we must assume that his failure to raise was knowing and understanding."

In Church v. Gladden, 417 P.2d 993 (Ore. 1966), the court, relying upon the Uniform Post-Conviction Procedure Act (adopted by Oregon in 1959), held that petitioner's allegation in his second petition that he wanted to raise the issues in his first petition, but was prevented by his attorney, was specious. The court stated at 995:

"If petitioner has stated grounds for post-conviction relief which fall without the *res judicata* provision of ORS 138.550 (3), it is absolutely impossible that there be any finality to this type of litigation."

See also Harris v. State, 229 A.2d 604 (Md.App. 1967); Curnyn v. Warden, Maryland House of Correction, 230 A.2d 685 (Md.App. 1967); Bagley v. Warden, Maryland Penitentiary, 228 A.2d 491 (Md.App. 1967); Commonwealth v. Adams, 239 A.2d 851 (Pa.App. 1968).

Rogers, having failed to offer in this present application for post-conviction relief any explanation for his failure to (1) move prior to trial to suppress the objectionable evidence, (2) object to its admission during trial, or (3) assert the grounds for relief in his first post-conviction application, is barred from doing so in his second post-conviction application. Therefore, the order of the district judge denying the petition is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.