UNITED STATES of America ex rel.
Elmer Carl LINDE, Appellant,

v.

Joseph R. BRIERLEY, Superintendent,
State Correctional Institution,
Pittsburgh, Pennsylvania.

No. 18228.

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Sept. 28, 1970.

Decided Dec. 23, 1970.

See also 303 F.Supp. 784.

Elmer Carl Linde, pro se.

Joseph M. Loughran, Dist. Atty., Greensburg, Pa. (John N. Scales, Dist. Atty., Gilfert M. Mihalich, Henry A. Martin, Asst. Dist. Attys., Westmoreland County, Greensburg, Pa., on the brief), for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal is taken from a July 30, 1969, District Court order denying the indigent relator's petition for a writ of habeas corpus alleging a denial of the right to appeal due to lack of counsel.[1]

Relator was convicted of murder, after trial to a jury in the Court of Oyer and Terminer of Westmoreland County, Pa., and, upon dismissal of his motion

---

1. The Supreme Court in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), declared:

"* * * where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." 372 U.S. at 357, 83 S.Ct. at 816.

Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964), makes clear that *Douglas* has retroactive application.

for new trial, was sentenced on May 15, 1959, to life imprisonment. No appeal was filed. However, a pro se petition for a writ of habeas corpus was filed in the Court of Common Pleas on December 12, 1963. On appeal from the judgment and order of the dismissal of such petition, the Supreme Court of Pennsylvania (at No. 223, March Term 1964) remanded for a hearing as to the voluntariness of incriminating statements made to police officers.[2] On remand, counsel was appointed, the petition amended, and the hearing held. An order dismissing the petition was entered on April 2, 1965, and at No. 183, March Term 1965, the Supreme Court of Pennsylvania affirmed.[3] Neither the original nor the amended petition contained an allegation that petitioner had been denied the right to counsel on appeal.

Relator next sought relief under the Pennsylvania Post Conviction Hearing Act,[4] claiming that he had been denied his right to counsel on appeal from the May 15, 1959, judgment of sentence and commitment. The petition was dismissed and (at No. 43, March Term 1968) the Supreme Court of Pennsylvania affirmed[5] on the ground that he had waived his right to raise the contention.

Under the Post Conviction Hearing Act, a knowing and understanding failure to raise an issue at a prior collateral proceeding acts as a waiver of that issue[6] in the absence of a showing of extraordinary circumstances.[7] Moreover, a failure to raise an issue is rebuttably presumed to be knowing and understanding.[8] Since appellant was represented by counsel at the prior collateral proceeding and there was "no indication that appellant's failure to raise his *Douglas* claim was not knowing and understanding," the Supreme Court of Pennsylvania held that the claim had been waived and could not be raised in the second collateral proceeding in the state court.[9]

Subsequently, relator filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, again contending that he was denied the right to counsel on appeal. The District Court stated that "[t]he relevant inquiry is whether the petitioner deliberately bypassed his state remedies by failing to raise the issue in his first collateral proceeding in the State courts." Noting that the Supreme Court of Pennsylvania had found a waiver under the cri-

---

2. Commonwealth ex rel. Linde v. Maroney, 416 Pa. 321, 206 A.2d 288 (1965).

3. Commonwealth ex rel. Linde v. Maroney, 420 Pa. 31, 215 A.2d 628 (1966).

4. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 ff.

5. Commonwealth v. Linde, 432 Pa. 324, 248 A.2d 235 (1968).

6. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–4(b) (1). Section 3(d) of the Act provides (19 P.S. § 1180–3(d)):
   "To be eligible for relief under this act, a person * * * must prove the following:
   * * * * *
   "(d) That the error resulting in his conviction and sentence has not been * * * waived * * *."
   Section 4 of the Act contains this wording (19 P.S. § 1180–4):
   "(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this act; and
   "(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
   "(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure * * *."

7. 19 P.S. § 1180–4(b) (2).

8. Act of January 15, 1966, P.L. (1965) 1580, 19 P.S. § 1180–4(c).

9. Commonwealth v. Linde, 432 Pa. 324, 325, 248 A.2d 235, 236 (1968).

teria set forth in the Pennsylvania Post Conviction Hearing Act, including the rebuttable presumption of § 1180–4(c), the District Court, stating that it was applying the criteria of the federal standard, also found a waiver.[10] A waiver under that standard consists of "an intentional relinquishment or abandonment of a know[n] right or privilege," and every presumption against waiver is to be indulged.[11]

■ Our examination of the state records has convinced us that they do not offer enough guidance to permit a determination of a possible knowing waiver by relator in the case of each of these issues:

1. Did relator forfeit the opportunity to litigate his claimed denial of the right to appeal with counsel by failure to raise this issue in his initial collateral attacks on the 1959 judgment of sentence and commitment?[12]

2. If the answer to issue #1 is "no," was the right to appeal with counsel waived by the relator after his 1959 sentence by failing to assert such right to appeal with counsel at that time?[13]

While it is true that the relator had the benefit of counsel at the time of the amended petition in the state court, petitioner claims that he was not aware that he had the right to counsel on appeal at the time of the original petition and that he was precluded from raising additional allegations during the course of the proceedings.[14] Moreover, the relator

10. On the basis of the "entire state court records," the District Court found that the relator had deliberately by-passed the state habeas corpus proceedings when he did not raise the issue of denial of counsel on appeal in his first habeas corpus petition, as amended, and held that he waived his right to raise that issue in the federal court.

11. Linde v. Brierley, 323 F.Supp. 41 (W.D.Pa.1969); Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500 (3rd Cir. 1969).

12. The fact that relator had an attorney at the time of the amended habeas petition in the state court and the absence of evidence that his failure to raise his *Douglas* claim was not knowing and understanding enabled the state courts to find a waiver under the Pennsylvania Post Conviction Hearing Act, since that Act provides for a rebuttable presumption in favor of waiver (see footnote 6 above). The federal standard creates no such presumption. As the district court recognized, the federal standard is the one which must be applied, and we believe, for reasons set forth in the text, that its proper application requires an evidentiary hearing.

13. The distinction between these two issues is pointed out by Mr. Justice Roberts in footnote 1 of his opinion in Commonwealth v. Snyder, 427 Pa. 83, 233 A.2d 530, 533 (1967). See, also,

footnote 1 of Justice Roberts' opinion in Commonwealth v. Johnson, 428 Pa. 210, 236 A.2d 805, 807 (1968). Several federal court decisions have held that the doctrine of Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) [cf. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965)], applies to issue No. 1 above, as well as to issue No. 2. See Burton v. State of Alabama, 396 F.2d 755 (5th Cir. 1968); Baker v. Lee, 384 F.2d 703 (5th Cir. 1967); Bell v. State of Alabama, 367 F.2d 243 (5th Cir. 1966); Burns v. State of Alabama, 360 F.2d 608 (5th Cir. 1966); United States ex rel. Sadler v. Commonwealth, 306 F.Supp. 102 (E.D.Pa.1969); United States ex rel. Smith v. Myers, 250 F.Supp. 460 (E.D.Pa.1966).

14. See pages 5 and 6 of the Petition for Writ of Habeas Corpus. A review of the record indicates that the additional averment in the amended petition, concerning the admissibility of incriminating notes written by relator during the period leading up to the crime, apparently was not considered by the state courts. The Court of Common Pleas stated that it would only consider the voluntariness of the confession in accordance with the directions of the Supreme Court of Pennsylvania, which had reversed in order that a hearing in accordance with the provisions of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), might be held. See pages 5 and 6 of the transcript of the hearing in the Court of Common Pleas of Westmoreland County at the time of the Jackson v.

did not have the notice of the presumption in the Pennsylvania Post Conviction Hearing Act (see footnote 6 above), since that Act was not passed until after the conclusion of the state habeas proceedings.[15] Also, there does not appear to be any strategic or tactical benefit which the relator would derive from a by-pass of the state procedures and in not raising in the state court his desire to appeal with the help of counsel.[16] Relator has never been granted a hearing on the above-described waiver. Under the circumstances presented by this case, an evidentiary hearing is required in the District Court, so that the facts bearing on whether the relator "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts,"[17] may be fully developed.[18] The absence of conclusive evidence on the record as to waiver of the constitutional right (issue 2 above) necessitates an evidentiary hearing on this issue also if question 1 is answered in the negative. See Townsend v. Sain, 372 U.S. 293, 313, 314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500, 503 (3rd Cir. 1969); United States ex rel. Gockley v. Myers, 378 F.2d 398, 401 (3rd Cir. 1967).

The July 30, 1969, District Court order will be vacated and the case remanded for further proceedings in accordance with this opinion, including the evidentiary hearing mentioned above.

The caption, being in error, is being changed to read as follows on the records of this court and of the District Court:

UNITED STATES OF AMERICA
ex rel. ELMER CARL LINDE,
Appellant

*v.*

JOSEPH R. BRIERLEY, Superintendent,
State Correctional Institution,
Pittsburgh, Pennsylvania.

---

Denno proceeding on February 26, 1965. The Supreme Court did not allude to the issue concerning the admissibility of the incriminating notes in its opinion affirming the lower court. Commonwealth ex rel. Linde v. Maroney, 420 Pa. 31, 215 A. 2d 628 (1966).

15. In the Commonwealth's Answer to Defendant's Petition under the Post Conviction Hearing Act, the state claimed that a waiver of the right to counsel on appeal was shown by the "lengthy" and "carefully planned" motion for new trial filed by the relator. However, the fact that *Douglas* was not decided until several years after relator's conviction and that there appears to have been no benefit to the relator in not requesting coun-

sel on appeal, is some indication that the relator did not intentionally and knowingly abandon his rights to counsel on appeal.

16. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

17. *Id.*

18. See Townsend v. Sain, 372 U.S. 293, 313–314, 83 S.Ct. 745, 9 L.Ed. 770 (1963); United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500, 503 (3rd Cir. 1969); United States ex rel. Gockley v. Myers, 378 F.2d 398, 401 (3rd Cir. 1967); see, also, Note, Developments in the Law: Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1113–54 (1970).