ROBBIE OLAN CRAIG, Appellant, *v.* SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 9253

December 30, 1976 557 P.2d 710

*William N. Dunseath,* Public Defender, and *Lawrence W. McNabney,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Joseph B. Key,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Robbie Olan Craig was ordered to stand trial for possession of stolen property, a violation of NRS 205.275. He was also indicted, pursuant to a True Bill returned by the Washoe County Grand Jury, for being an ex-felon in possession of a concealable firearm, a violation of NRS 202.360. On September 24, 1976, he filed a pretrial petition for habeas corpus challenging the existence of probable cause to support the charged offenses. On October 29, 1976, he filed a second habeas petition contending the grand jury was without jurisdiction to indict him. The district judge considered and denied both petitions and in this appeal Craig reurges the same contentions.

1. The second habeas petition was not cognizable below because it contained grounds for relief which could have—and should have—been asserted in the prior petition. See NRS 34.380(1)(c)(2).

2. The portion of Craig's probable cause challenge which contends that certain evidence is inadmissible must be raised in a motion to suppress, not in a habeas petition. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969).

3. In our view, the record supports the district judge's

determination that there was probable cause to hold Craig for trial on the charged offenses. NRS 171.206; NRS 172.155. Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971). We are not now concerned with the prospect that such evidence may, by itself, be insufficient to support a conviction. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

Affirmed.