## MICHAEL ALECK DROMIACK, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 13023

July 8, 1981                                     630 P.2d 751

*Michael K. Powell,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Thomas P. Wright,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Once again this court is faced with an appeal from an order denying a petition for a writ of habeas corpus filed by Michael Dromiack. At least seven other such appeals have preceded this one.

In this particular proceeding, Dromiack, an inmate in the state prison, petitioned the district court for a writ of habeas corpus contending he was being denied statutory good time credits. The district judge ruled that Dromiack was barred from asserting such grounds for relief because he offered no reasonable explanation for his failure to include the grounds

for relief in one of his numerous prior habeas petitions. This appeal followed.

We have held that a court need not consider successive petitions for statutory post-conviction relief under NRS 177.315 et seq., Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970), or pretrial habeas corpus, Craig v. Sheriff, 92 Nev. 741, 557 P.2d 710 (1976), which contain grounds for relief which could have been raised in a prior petition. Here, Dromiack argues that this rule does not apply to post-conviction petitions for habeas corpus and that to apply such a rule would violate the anti-suspension clause of the Nevada Constitution. Art. 1, § 5.[1] We disagree.

The rule announced in *Rogers* and *Craig* also applies to post-conviction petitions for habeas corpus. *Cf.* Junior v. Warden, 91 Nev. 111, 532 P.2d 1037 (1975) (statutory waiver provisions of post-conviction relief applied to post-conviction habeas petition). As we stated in *Rogers, supra* at 362, 468 P.2d at 994:

> Many petitions for habeas corpus or other post-conviction relief are repetitious; others often are specious. This places an unnecessary burden upon the courts. It is highly desirable that a petitioner be required to assert all of his claims in one petition. His failure to assert them constitutes a waiver. The way is left open, however, for a subsequent petition if the court finds grounds for relief that could not reasonably have been raised in the original petition.

The prohibition against the filing of successive petitions does not violate the anti-suspension clause of the Nevada Constitution. The rule is a reasonable regulation of the writ, designed to deal with practical administrative problems faced by the courts, and thus is not unconstitutional. Grego v. Sheriff, 94 Nev. 48, 574 P.2d 275 (1978).

Affirmed.

---

[1]Nev. Const. Art. 1, § 5 provides: "The privilege of the Writ of Habeas Corpus, shall not be suspended unless when in cases of rebellion or invasion the public safety may require its suspension."