MEMORANDUM **
Nevada prisoner Frank Matylinsky (“Matylinsky”) appeals the district court’s denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted in Nevada State District Court of the murder of his wife and manslaughter of his unborn child and was sentenced to life without the possibility of parole.
I
After litigating both direct and habeas appeals in the Nevada state courts, Maty-linsky challenged his conviction in a federal habeas petition before the United States District Court for the District of Nevada.[1] His original federal habeas petition was dismissed without prejudice for failure to exhaust claims in state court. He returned to state district court to exhaust those claims. However, the state court ruled that many of his unexhausted claims could have been raised in a previous petition, and therefore these claims were pro *313 cedurally barred under Nevada law. See Bejarano v. State, 122 Nev. 1066, 146 P.3d 265, 269 (2006) (citing Nev.Rev.Stat. § 34.810(l)(b)). The Nevada Supreme Court agreed.
Matylinsky then returned to federal district court, which subsequently denied him relief. The federal district court first dismissed those claims deemed procedurally defaulted by the state courts as having been decided on adequate and independent state grounds. It also found that many other claims were never exhausted in the state courts. It therefore found that it lacked jurisdiction to review all these claims and dismissed them with prejudice. It reached the merits of four remaining issues including a sufficiency of the evidence claim and three ineffective assistance of counsel claims. However, it ultimately denied him relief on any of these claims.
Matylinsky sought a Certificate of Ap-pealability (“COA”) on the following issues: (1) those claims procedurally barred due to default in the state courts or failure to exhaust; (2) sufficiency of the evidence to support his conviction; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) ineffective assistance of post-conviction (or habeas) counsel. We granted the COA for both claims (1) and (3), but denied the COA for the three remaining issues. Ma-tylinsky then filed timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
II
Federal courts will not review a question of federal law decided by a state court if the state court explicitly invokes a state procedural bar as the basis for its decision, and if that procedural bar constitutes an independent and adequate ground. Hill v. Roe, 321 F.3d 787, 789 (9th Cir.2003). “In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of petitioner’s purported default.” Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir.2001) (quoting Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir.1994)) (emphasis omitted); see also Dugger v. Adams, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989).
In Bargas v. Burns, 179 F.3d 1207, 1212 (9th Cir.1999), we examined whether Nevada’s “strict rule” requiring a petitioner to “raise all claims in his first habeas petition in order to avoid the penalty of procedural default” constituted an adequate and independent state ground. We held that it did. “Nevada case law has set forth a clear and regularly applied rule that a petitioner must pursue all avenues for relief if he wishes to preserve his claims. Thus, a petitioner ... must raise all claims in his first petition for post-conviction relief to the state trial court.” Id. (citing Johnson v. Warden, Nev. State Prison, 89 Nev. 476, 515 P.2d 63, 64 (1973)). This rule was “firmly established” and “regularly followed” at the time Matylinsky filed his first state habeas petition in January 1986. Id. at 1209,1212 (finding the rule established for a petitioner whose first petition was filed in December 1983); see also Dromiack v. Warden, Nev. State Prison, 97 Nev. 348, 630 P.2d 751, 752 (1981) (per curiam). The state court’s finding of procedural default was an adequate and independent state ground for denying those defaulted claims.[2]
*314 Matylinsky claims that we should excuse the procedural default. As we said in Cassett v. Stewart, 406 F.3d 614, 621 n. 5 (9th Cir.2005), we cannot consider a “claim that is defaulted in state court pursuant to an adequate and independent procedural bar ... unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.” Matylinsky has failed to establish evidence of cause for his default in state court. In addition, he has presented no argument regarding how a denial would result in a fundamental miscarriage of justice. Therefore, we affirm the dismissal of his claims which were deemed procedurally defaulted by the state court.
Ill
A state prisoner must also exhaust all constitutional claims in state court before a federal court can consider them. 28 U.S.C. § 2254(b)(1)(A), (c). Under § 2254(c), exhaustion typically requires that “state prisoners ... give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State’s established appellate review process.” O’Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see also Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir.2003) (en banc). A petitioner must make the state courts aware of his intent to raise issues of federal law; merely pointing to a similar state law claim is “insufficient to exhaust.” Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Peterson, 319 F.3d at 1159-60.
The district court found that Matylinsky had failed to exhaust Grounds 2, 8, 9, 10, 15, and 18(1, K, L, Q, Y). With the exception of Ground 18(Q), we agree.[3] Matylin-sky’s claims are either altogether absent from his state appeals or too attenuated from a claim raised in the state courts to be considered exhausted.
IV
Matylinsky filed a motion to expand the COA to include three additional claims: (1) whether substantial evidence supports his first degree murder conviction (Ground 14); (2) whether his appellate counsel was ineffective (Ground 19); and (3) whether his post-conviction counsel was ineffective (Ground 20). That motion is denied. See Hiivala v. Wood, 195 F.3d 1098, 1103-05 (9th Cir.1999) (per curiam); 9th Cir. R. 22-1 (e).
V
The district court order is AFFIRMED. The motion to expand the Certificate of Appealability is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

. In a concurrently filed opinion, we consi der and reject Matylinsky's claim that his trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Matylinsky v. Budge, 577 F.3d 1083 (9th Cir.2009). The facts of the case are stated there; we need not repeat them here.

. This refers to Grounds 1, 3, 4, 5, 6, 11, 12, 13, 16(A-D), 17, 18(B-C, F-G, J, O, BB-EE), and 21, raised in Matylinsky's initial third post-conviction petition, and Grounds 7 and 18(D, P, T), raised in his supplemental brief to his third post-conviction petition, all of which *314 were dismissed by the Nevada Supreme Court.

. Ground 18(Q) is one of Matylinsky's myriad ineffectiveness of trial counsel claims. The merits of this claim are discussed in the corresponding published opinion.