VERRIE LYNN BARNHART, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 46380

March 16, 2006                                   130 P.3d 650

*Karla K. Butko*, Reno, for Appellant.

*George Chanos*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Terrence P. McCarthy*, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Verrie Lynn Barnhart contends that the district court erred by denying her post-conviction habeas petition. Although we affirm the judgment of the district court, we take this opportunity to clarify the scope of issues that may be considered by the district court when conducting an evidentiary hearing on a post-conviction petition for a writ of habeas corpus.

Barnhart was originally convicted, pursuant to a guilty plea, of two counts of armed robbery. The district court sentenced her to a prison term of 24 to 120 months for each count of robbery with equal and consecutive terms for each for the weapon enhancement. The district court further ordered that the sentence for the second count of robbery run concurrently with the weapon enhancement for the first count of robbery. The result of the district court's sentence was that Barnhart would have to serve three consecutive 24 to 120 month sentences.

Barnhart did not appeal from the judgment of conviction, but filed a timely proper person post-conviction petition for a writ of habeas corpus. In the petition, Barnhart raised two grounds for relief: (1) her sentence was improper; and (2) counsel was ineffective for failing to perfect an appeal on the sentencing issue after she asked him to do so. The district court appointed counsel, who filed a supplemental petition which supplanted the original petition.

In the supplemental petition, three grounds for relief were raised: (1) counsel was ineffective for advising Barnhart to plead guilty to armed robbery because she was only armed with a pellet gun; (2) counsel was ineffective at sentencing for failing to provide evidence in mitigation; and (3) Barnhart was deprived of her right to a direct appeal by the failure of counsel to perfect an appeal on Barnhart's behalf.

The State filed a motion for partial dismissal, conceding that appellant was entitled to a hearing on the issue of counsel's effectiveness at sentencing and whether Barnhart was deprived of her direct appeal.[1] The State argued, however, that Barnhart's contention that a pellet gun was not a deadly weapon as a matter of law was incorrect, and that she was therefore not entitled to an evidentiary hearing or relief on that claim.

The district court did not dismiss the claim regarding the deadly weapon, but conducted an evidentiary hearing on all of the claims raised in the supplemental petition. At the evidentiary hearing, Barnhart's counsel raised an additional claim for the first time. Specifically, counsel argued that Barnhart could have been acquitted using a coercion defense and that trial counsel was therefore ineffective for advising her to plead guilty.

In the order resolving Barnhart's petition, the district court specifically noted that the claim regarding the coercion defense was not properly before the court because it had not been pleaded in the petitions filed by Barnhart or her counsel. We agree. Generally, the only issues that should be considered by the district court at an evidentiary hearing on a post-conviction habeas petition are those which have been pleaded in the petition or a supplemental petition and those to which the State has had an opportunity to respond.[2] We further conclude, however, that the district court may exercise its discretion under certain circumstances to permit a petitioner to assert claims not previously pleaded.

Although it is within the discretion of the district court to allow a petitioner to raise new issues at an evidentiary hearing, the district court should not resolve those issues without allowing the State the opportunity to respond. Should the district court find that there is good cause to allow a petitioner to expand the issues previously pleaded, the district court should do so explicitly on the record, enumerating the additional issues which are to be considered. Following the evidentiary hearing, the district court could allow petitioner and the State to file supplemental pleadings ad-

---

[1]See *Lozada v. State*, 110 Nev 349, 871 P.2d 944 (1994).

[2]See NRS 34.745.

dressing the additional issues.[3] At that point, the additional issues can be decided by the district court in the final order disposing of the petition and after such further proceedings as the district court may deem appropriate.

We stress, however, that the district court is under no obligation to consider issues that are raised by a petitioner for the first time at an evidentiary hearing. Indeed, we expect that it will be the exception, rather than the rule, that a petitioner will be allowed to raise new issues at that juncture, but there may be issues of which counsel was previously unaware that are brought to light by the evidence adduced at the hearing or implicated by some new law. In those cases, the procedure outlined above will give the petitioner a fair opportunity to raise those issues, while allowing the State a fair chance to respond. Moreover, this approach will promote finality by furthering the policy of resolving all available claims for relief in a single proceeding.[4]

In the instant case, the district court did not abuse its discretion by finding that the issue of the coercion defense was not properly before the court because it had not been previously raised. Counsel for petitioner provided no reason why that claim could not have been pleaded in the supplemental petition. We therefore conclude that the district court did not err by denying that claim.

As to the deprivation of appeal claim, the district court specifically found Barnhart's testimony that she asked trial counsel to file an appeal not to be credible. The district court's factual findings regarding a claim of ineffective assistance of counsel are entitled to deference when reviewed on appeal.[5] Barnhart has not demonstrated that the district court's finding is not supported by substantial evidence or is clearly wrong.

Finally, the district court found that the pellet gun used by Barnhart in the robberies was a deadly weapon as defined by statute.[6] Whether the gun was actually loaded and capable of firing bullets in a deadly fashion is of no consequence in determining whether it

---

[3]*See* NRS 34.750(5) (providing that the district court may order the parties to file additional pleadings).

[4]*See, e.g., Dromiack v. Warden*, 97 Nev. 348, 630 P.2d 751 (1981).

[5]*Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994).

[6]*See* NRS 193.165(5)(c) (defining a deadly weapon, in part, as a weapon specifically described in NRS 202.265); NRS 202.265(4)(a)(2) (defining a firearm as any device from which a metal projectile may be expelled by means of a spring or gas).

is a deadly weapon. This court has previously held that even an inoperable firearm is considered a deadly weapon for purposes of the sentence enhancement "because its use may provoke a deadly reaction from the victim or from bystanders."[7] The district court therefore found that counsel was not ineffective for failing to advise Barnhart that she could not be subject to the deadly weapon enhancement.[8] Barnhart has not demonstrated that the district court erred.

In sum, we conclude that the district court did not err by denying Barnhart's petition and we affirm the judgment of the district court.

---

[7]*Allen v. State*, 96 Nev. 334, 336, 609 P.2d 321, 322 (1980).

[8]*See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense); *accord Warden v. Lyons*, 100 Nev. 430, 683 P.2d 504 (1984).