An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM LYONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59108

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his February 13, 2007, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those

13-07743

facts de novo. <u>Lader v. Warden</u>, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for failing to correct errors regarding missing portions of the trial and sentencing transcript. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that he reviewed the transcript and noted that the transcript of the sentencing hearing did not contain a statement made by the district court during the sentencing hearing. Counsel stated that the trial judge made a comment that he was unsure that the sentence he imposed was constitutional. Counsel noted that this court concluded on direct appeal that the sentence was not appropriate and the error had since been corrected. See <u>Lyons v. State</u>, Docket No. 42423 (Order Affirming in Part, Reversing in Part and Remanding, March 23, 2006). Counsel testified that the remainder of the transcript accurately reflected the trial proceedings. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel taken additional actions regarding the transcript. Substantial evidence supports the district court's decision to deny this claim and appellant fails to demonstrate that the district court erred.

Second, appellant argues that counsel was ineffective for failing to seek to have the conviction overturned based upon the two victims' failure to identify appellant at trial and that the failure to identify appellant as the perpetrator of the crime violated the corpus delicti rule. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. At trial, the two victims each stated appellant's name when discussing the person who sexually assaulted

SUPREME COURT
OF
NEVADA

(O) 1947A

2

them. At the evidentiary hearing, counsel testified that he believed the victims each sufficiently identified appellant at the trial as the person who committed the crimes, and therefore, did not feel it would have been appropriate to seek dismissal of any of the charges based upon lack of identification. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," Ford v State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant did not demonstrate. In addition, the corpus delicti of a crime is established by any independent evidence sufficient for a reasonable inference that the crime was committed, and the victims' testimony regarding the nature of the inappropriate sexual contact was sufficient in this matter. See Doyle v. State, 112 Nev. 879, 892, 921 P.2d 901, 910 (1996), overruled on other grounds by Kaczmarek v. State, 120 Nev. 314, 333, 91 P.3d 16, 29 (2004). Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel raised arguments related to insufficient evidence of the identification of appellant or regarding the corpus delicti rule. Therefore, the district court did not err in denying this claim.[1]

Next, appellant argues that the district court erred in concluding the following claims were procedurally barred: (1) the trial

---

[1]In his reply brief, appellant also argues that his trial counsel was ineffective for failing to obtain evidence from the State, for failing to seek a psychological evaluation of the victims, and for failing to move for a mistrial after a witness testified that appellant was guilty. However, appellant did not raise these issues in his opening brief, and because a reply brief is limited to countering any matter set forth in the answering brief, we decline to consider these claims. See NRAP 28(c); see also Bongiovi v. Sullivan, 122 Nev. 556, 569 n.5, 138 P.3d 433, 443 n.5 (2006); Elvik v. State, 114 Nev. 883, 888 & n.6, 965 P.2d 281, 284 & n.6 (1998).

court judge should not have heard the trial because he had previously recused himself from the case, (2) continuance of the preliminary hearing for two weeks violated appellant's due process rights, (3) the State improperly charged appellant four separate times, (4) a conviction for sexual assault on a minor based solely on a victim's testimony is an improper bill of pains and penalties, (5) the State called witnesses who improperly vouched for the victims, and (6) cumulative error. Appellant argues that all of his claims were raised as claims of ineffective assistance of counsel, and therefore, should have been considered on their merits.

A review of appellant's petition and supplement reveals that appellant raised all of the challenged claims independent of his claims of ineffective assistance of counsel. Claims raised independent of claims of ineffective assistance of counsel are subject to the procedural bar from NRS 34.810(1)(b) "because such claims could have been . . . raised in a direct appeal." Pellegrini v. State, 117 Nev. 860, 884, 34 P.3d 519, 535 (2001). The State opposed appellant's petition and asserted that the challenged claims should be procedurally barred pursuant to NRS 34.810(1)(b). Appellant then replied and at that point asserted that the challenged claims were raised as claims of ineffective assistance of counsel claims, essentially attempting to raise new claims of ineffective assistance of counsel on reply.

A petitioner may raise claims in his initial petition and, if the district court appoints post-conviction counsel, in a supplement. NRS 34.724(1); NRS 34.750(3). All other pleadings may only be filed if ordered by the district court. NRS 34.750(5). However, a district court has the discretion to allow a petitioner to raise "new claims even as late as the evidentiary hearing on the petition." State v. Powell, 122 Nev. 751, 758,

138 P.3d 453, 458 (2006) (citing <u>Barnhart v. State</u>, 122 Nev. 301, 303, 130 P.3d 650, 651-52 (2006)); <u>see also</u> NRS 34.750(5). If a district court allows a petitioner to raise new claims not included in the initial petition or in the supplemental petition, it should do so explicitly on the record and allow the State the opportunity to respond to the new claims. <u>See</u> <u>Barnhart</u>, 122 Nev. at 303-04, 130 P.3d at 652.

Here, the district court did not specifically allow appellant to raise new claims in his reply and the State attempted to file a sur-reply to respond to appellant's additional claims, but the district court struck the sur-reply from the record. As the district court did not explicitly allow appellant to raise new claims and did not allow the State to respond to any new claims, the actions of the district court demonstrate that the district court exercised its discretion to refuse to allow appellant to include new claims in the reply. Therefore, appellant fails to demonstrate that the district court erred in declining to consider any of the improperly raised claims of ineffective assistance of counsel.

As appellant was not permitted to amend his claims, all of the challenged claims were raised independent of appellant's claims of ineffective assistance of counsel. Accordingly, the challenged claims were reasonably available to be raised on direct appeal. Therefore, the district court did not err in concluding that appellant failed to demonstrate good cause and actual prejudice to excuse his failure to raise these claims on direct appeal. <u>See</u> NRS 34.810(1)(b)(2); <u>Hathaway v. State</u>, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003).[2]

---

[2]Appellant also argues that the procedural bars are unconstitutional. However, the procedural bars reasonably regulate post-

*continued on next page . . .*

Finally, appellant argues that portions of the district court's findings are not entitled to deference on appeal. As discussed previously, this court gives deference to the district court's factual findings regarding ineffective assistance of counsel but reviews the district court's application of the law to those facts de novo. Lader, 121 Nev. at 686, 120 P.3d at 1166. In reviewing appellant's claims of ineffective assistance of counsel under that standard, appellant fails to demonstrate that any of his claims are meritorious. Further, appellant fails to demonstrate that the district court erred in denying any of his additional claims or that the district court's order was insufficient to allow this court to properly review appellant's claims. Therefore, appellant is not entitled to relief regarding his argument that the district court's order is not entitled to deference.

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

. . . *continued*

conviction petitions for a writ of habeas corpus, and are therefore constitutional. See Pellegrini, 117 Nev. at 878, 34 P.3d at 531 (citing Passanisi v. Director, Dep't Prisons, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989)).

cc: Hon. Linda Marie Bell, District Judge
Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk