An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS AURELIO URENDA-BUSTOS
A/K/A LUIS AURELIO
URENDABUSTOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59946

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit kidnapping, first-degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, extortionate collection of debts, and trafficking in a controlled substance. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant argues that insufficient evidence was adduced at trial to support the deadly weapon enhancements. Specifically, he claims that the gun does not satisfy NRS 193.165 as it was not used in the ordinary manner contemplated by its design and construction and that the evidence presented does not demonstrate that the gun was ever brandished in a threatening manner to effectuate the kidnapping or robbery. Additionally, appellant contends that the record fails to show he had knowledge of the weapon's use.

The standard of review for a claim of insufficient evidence is whether the evidence, when viewed in the light most favorable to the prosecution, was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. Jackson v. Virginia, 443 U.S. 307,

13 - 10428

319 (1979); McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). It is for the jury to determine the weight and credibility to give conflicting testimony, and a reviewing court will not disturb a verdict if it is supported by substantial evidence. See Bolden v. State, 97 Nev. 71, 73 624 P.2d 20, 20 (1981).

In order to demonstrate use of a deadly weapon for the purpose of enhancement, "'there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a [deadly weapon] in aiding the commission of [a crime].'" Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221 (1979) (alterations in original) (quoting People v. Chambers, 498 P.2d 1024, 1027 (Cal. 1972)). In the instant case, the victim testified that a gun was brought out and used to hit him over the head twice. The victim testified that during the subsequent events, when he was forced into a van, driven to another location, tied to a chair, and robbed of his property, he was afraid he would be killed. A juror could reasonably infer from the evidence presented that there was conduct which produced fear of harm or force by the presence of the gun and that appellant used a deadly weapon in the commission of the crimes.[1]

---

[1]To the extent that appellant argues the BB gun does not qualify as a deadly weapon, we conclude this argument is without merit. Under NRS 193.165(6)(c), a deadly weapon means "[a] dangerous or deadly weapon specifically described in NRS . . . 202.265." NRS 202.265(5)(b) defines a firearm, in part, as any device from which a metal projectile may be expelled by means of a spring or gas; therefore, a BB gun, even if used in a manner not contemplated by its design and construction, constitutes a deadly weapon. See Barnhart v. State, 122 Nev. 301, 304-05, 130 P.3d 650, 652 (2006).

Lastly, the jury heard testimony that appellant admitted he initially had the gun concealed in his waist band right behind his back and that he gave the gun to the co-offender. Appellant also admitted to hitting the victim with the gun before his co-offender did. From this evidence a juror could reasonably infer that appellant knew of the use of the gun and was thus subject to the deadly weapon enhancement. See Brooks v. State, 124 Nev. 203, 210, 180 P.3d 657, 661 (2008); NRS 193.165(1). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James M. Bixler, District Judge
Carl E. G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk