An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON J. BUNKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59349

**FILED**

MAY 1 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

On appeal from the denial of his September 2, 2010, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel without first conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14047

First, appellant argues that counsel was ineffective for failing to fully explain to appellant the guilty plea agreement as well as a new stipulation entered into at the sentencing hearing that resulted in appellant being sentenced to a much larger sentence than that set forth in the guilty plea agreement. Appellant failed to demonstrate deficiency or prejudice. Appellant made only a bare claim that counsel did not explain the guilty plea agreement; appellant did not state what it is that he did not understand. Further, appellant does not cite to anything to support his claim that the parties entered into a new stipulation. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to prepare for or investigate the case prior to recommending acceptance of the guilty plea offer. Appellant failed to demonstrate deficiency or prejudice as his claim was bare and he failed to argue below what a more thorough investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.[1]

Third, appellant argues that counsel was ineffective for failing to understand the habitual-felon statute, NRS 207.012, and for not

---

[1]On appeal, appellant claims that a more thorough investigation would have revealed either that the owner of the "car" would have said that he loaned the vehicle to appellant or that appellant simply allowed a friend to park the stolen motorcycle at appellant's residence. As neither of these allegations were properly before the district court below, *see Barnhart v. State*, 122 Nev. 301, 303-04, 130 P.3d 650, 651-52 (2006); NRS 34.750(3), (5), we decline to consider them on appeal in the first instance. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

objecting to appellant's adjudication as a habitual felon. Appellant failed to demonstrate deficiency or prejudice as his claim is repelled by the record. Appellant was adjudicated a habitual criminal pursuant to NRS 207.010(1)(b)(2), not a habitual felon pursuant to NRS 207.012. Further, contrary to appellant's claim, it was not his post-guilty-plea behavior—failing to appear at the sentencing hearing and acquiring new felony charges—that triggered the application of the habitual-criminal statute, but rather his five prior felony convictions, the validity of which he has not challenged.[2] Appellant's behavior subsequent to his guilty plea merely allowed the State the leeway to argue for a stronger sentence than it had stipulated to in the guilty plea agreement. Finally, appellant identifies no grounds on which counsel could have objected. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective for failing to advise him of his right to a direct appeal. Appellant failed to demonstrate deficiency or prejudice. Appellant's bare, naked claim below did not allege that he requested a direct appeal be filed nor identify any circumstances under which counsel would have been obligated to advise him of the right to appeal. *See Thomas v. State*, 115 Nev. 148, 151, 979 P.2d 222, 224 (1999). Moreover, appellant was advised via his written guilty plea agreement, which he signed, of his limited appeal rights. We

---

[2]Appellant does note in a footnote in the "statement of the case" section of his opening brief that he "alleges" that the copies of the judgments of conviction were not certified. However, he neither challenges the validity of the convictions themselves nor raises this as a claim for relief.

therefore conclude that the district court did not err in denying this claim.[3]

Appellant next argues that the district court erred in denying his claim that his guilty plea was invalid. Specifically, he argues that the district court's breach of the guilty plea agreement entitled him to withdraw his plea. Appellant's claim lacks merit as it is repelled by the record. Appellant does not dispute that he was advised in the guilty plea agreement that he could be sentenced under the large-habitual-criminal statute and that the sentence imposed would be at the sole discretion of the district court. Further, appellant failed to appear at his initial sentencing hearing in violation of the guilty plea agreement, thereby allowing the State to argue for a greater sentence than what was stipulated to in the agreement. We therefore conclude that the district court did not err in denying this claim.

Appellant next argues that the district court erred in denying his claim that the trial court had erred in not recording a bench conference during appellant's sentencing hearing. Appellant's claim was bare and thus did not entitle him to relief. We therefore conclude that the district court did not err in denying this claim.[4]

---

[3]Appellant argues for the first time on appeal that his claim regarding adjudication as a habitual criminal had a reasonable likelihood of success on appeal such that counsel had an obligation to inform appellant of his appeal rights. As this claim was not raised below, we need not consider it on appeal in the first instance. *Davis*, 107 Nev. at 606, 817 P.2d at 1173. Moreover, as discussed above, such a claim would not have been successful on direct appeal.

[4]Appellant argues for the first time on appeal that counsel was ineffective for not taking action to preserve the contents of the bench

*continued on next page...*

Finally, appellant argues that he is entitled to relief because of the cumulative effect of the ineffective assistance of counsel. Because appellant has failed to demonstrate that counsel committed any error, he has failed to demonstrate any cumulative error. Further, because all of appellant's claims were either belied by the record or were bare, naked claims, he failed to demonstrate that he was entitled to an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Michael Villani, District Judge
     Jonathan E. MacArthur
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

*...continued*
conference. As this claim was not raised below, we decline to consider it on appeal in the first instance. *Davis*, 107 Nev. at 606, 817 P.2d at 1173.