An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN HOLLAN RUCKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62900

**FILED**

SEP 1 8 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, entered pursuant to a guilty plea, of robbery with the use of a firearm and driving while under the influence of alcohol. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge. The district court sentenced appellant Ian Hollan Rucker to serve a prison term of 35 to 156 months for robbery, a consecutive term of 35 to 156 months for the firearm enhancement, and a consecutive term of 13 to 60 months for driving under the influence.

Rucker contends that the district court erred in failing to state on the record that it considered the factors identified in NRS 193.165(1) in determining the length of sentence to impose for the firearm enhancement. We agree, however, we conclude that the error does not warrant reversal.

NRS 193.165(1) requires the district court to consider five enumerated factors when imposing a sentence for a deadly weapon enhancement. The district court is required to state on the record that it has considered these factors "in determining the length of the additional penalty." NRS 193.165(1). Compliance with NRS 193.165(1) requires the district court to articulate findings on the record with regard to each

13-27764

factor. *Mendoza-Lobos v. State*, 125 Nev. 634, 643-44, 218 P.3d 501, 507 (2009).

Here, the parties agree and the record substantiates that the district court failed to articulate findings on the record regarding the factors enumerated in NRS 193.165(1). Thus, the district court committed error. The sentence imposed is consistent with the Division of Parole and Probation's recommendations and it is clear from the record that the district court heard argument from the parties and considered the facts and circumstances of the robberies,[1] including that the victims believed the pellet gun[2] to be real and their lives to be threatened, and that one of the victims suffered from "sleep issues" as a result of the robbery. In mitigation, Rucker discussed his battle with alcoholism and mental illness and their contribution to the crimes, his participation in psychological counseling and AA meetings, his contrition for his actions, his devotion to his children, and the fact that no one was injured by his actions. Additionally, the PSI identified Rucker's prior convictions and Rucker did not challenge this information. Thus, it is apparent from the record that each of the factors specified in NRS 193.165(1) were considered by the court. Rucker did not object below, and it does not appear from the record that the district court's failure to articulate findings regarding the enumerated factors had any bearing on its sentencing determination. Accordingly, we conclude the error did not affect Rucker's substantial rights and does not warrant reversal. *Valdez v. State*, 124 Nev. 1172,

---

[1]Rucker was charged with two counts of robbery. One count was dismissed pursuant to the plea negotiations.

[2]The record reflects the terms "pellet gun" and "BB gun" were used interchangeably.

1190, 196 P.3d 465, 477 (2008) (discussing standard for plain-error review).

Rucker also contends that the district court abused its discretion at sentencing and that his sentence constitutes cruel and unusual punishment. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

The sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 200.380(2) (category B felony punishable by a term of 2-15 years); NRS 193.165(2) (deadly weapon enhancement); NRS 193.165(5)(b) (defining "firearm" to include those described in NRS 202.265(6)(c), i.e., "pellet gun"); *see also Barnhart v. State*, 122 Nev. 301, 130 P.3d 650 (2006) (pellet gun is firearm within meaning of NRS 193.165(5)); NRS 484C.400(1)(c) (felony DUI penalty), and Rucker does not allege that those statutes are unconstitutional. Rucker also does not

allege that the district court relied on impalpable or highly suspect evidence. Having considered the sentence and the crimes, we are not convinced that the sentence imposed is so grossly disproportionate to the crimes as to constitute cruel and unusual punishment. Accordingly, we conclude that the district court did not abuse its discretion, and we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Lidia Stiglich, District Judge
       Washoe County Alternate Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[3]The fast track statement and fast track reply do not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4)-(5) because the text is not double-spaced and the footnotes are not in the same size font as the text in the body of the briefs. We caution Rucker's counsel that future failure to comply with the rules of this court may result in the imposition of sanctions. *See* NRAP 3C(n).