An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MONTRAIL DELVONTA SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63437

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed his petition on November 7, 2011, more than two years after issuance of the remittitur from appellant's direct appeal filed pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), on March 17, 2009. *Smith v. State*, Docket No. 50134 (Order of Affirmance, February 20, 2009). Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1); *Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Appellant first argues that the district court erred in failing to construe his 2009 motion for appointment of counsel and request for an evidentiary hearing as a post-conviction petition for a writ of habeas

14-11412

corpus. Appellant argues that those documents were filed within one year of the issuance of the remittitur from his direct appeal and therefore, his petition would have been timely filed if those documents had been construed as a post-conviction petition. Appellant fails to demonstrate that the district court should have construed those documents as a post-conviction petition because the documents did not comply with the requirements of NRS chapter 34 regarding post-conviction petitions and he did not raise any claims challenging his judgment of conviction in those documents. *See* NRS 34.720(1); NRS 34.724(1); NRS 34.735.

Second, appellant argues that the procedural bar did not apply because his petition merely supplemented his previous petition, which was filed on December 6, 2005, and the supplement relates back to the earlier petition. Appellant's claim is without merit. The instant petition is not merely a supplement to the previous petition, but rather it initiated an entirely new post-conviction proceeding and raised additional claims not previously raised. The previous petition had been denied by the district court[1] and the decision was affirmed by this court on appeal before appellant filed the instant petition. Even assuming appellant could properly attempt to supplement his earlier petition at such a late date, the district court has the discretion to allow a petitioner to file additional pleadings raising new claims, and the district court did not permit

---

[1]We note that in the proceedings regarding appellant's first petition, the district court concluded that appellant had been deprived of a direct appeal and granted appellant the *Lozada* remedy. The district court subsequently concluded that the claims raised in appellant's *Lozada* petition were without merit and this court affirmed that decision. *Smith v. State*, Docket No. 50134 (Order of Affirmance, February 20, 2009).

appellant to file any supplemental pleadings in this matter. *See State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006) (citing *Barnhart v. State*, 122 Nev. 301, 303, 130 P.3d 650, 651-52 (2006)); *see also* NRS 34.750(5).

Third, appellant argues that he had good cause because he only recently learned that his trial counsel was under the influence of methamphetamine during the representation of appellant and that drug use is the only explanation for a number of actions performed by counsel during appellant's trial proceedings. Appellant also argues that the district court should have conducted an evidentiary hearing to allow appellant to question trial counsel regarding this claim. Appellant fails to demonstrate that this claim had merit. Information regarding trial counsel's methamphetamine use came to light in 2009. Yet, appellant did not file his petition until 2011. Therefore, appellant fails to demonstrate cause for the entire delay in raising this claim because it was reasonably available to be raised within one year from the issuance of the remittitur on appeal from the denial of appellant's *Lozada* petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). In addition, appellant fails to demonstrate undue prejudice related to this claim as he fails to demonstrate that his counsel was actually under the influence of methamphetamine during appellant's criminal proceedings. Therefore, the district court did not err in denying this good-cause claim without conducting an evidentiary hearing. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

Finally, appellant argues that the State waived application of the procedural bars because it waited a significant amount of time before it filed an opposition to appellant's petition. "Application of the statutory

procedural default rules to post-conviction habeas petitions is mandatory." *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005). In addition, a petitioner has the burden of pleading and proving facts to demonstrate good cause to excuse the delay. *State v. Haberstroh*, 119 Nev. 173, 181, 69 P.3d 676, 681 (2003). As application of the procedural bars is mandatory and appellant had the burden of demonstrating good cause, he fails to demonstrate that the district court should have waived the procedural bars due to inaction by the State. Therefore, the district court did not err in denying the petition as procedurally barred and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Douglas Smith, District Judge
      Justice Law Center
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk