An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ADOLFO GODOY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63479

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Adolfo Godoy's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Ineffective assistance of counsel claims*

Godoy contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to introduce police reports regarding the incident or the testimony of the officers who drafted the reports. Godoy fails to demonstrate deficiency or prejudice. At trial, a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15419

surveillance video which captured the incident was shown to the jury and counsel cross-examined the victim regarding the inconsistencies between what could be observed in the video and her statements to police.[1] At the evidentiary hearing on Godoy's petition, counsel testified that he made a strategic decision to rely on this cross-examination rather than present the officers' testimony because he was concerned that the officers could explain away the victim's inconsistencies. Counsel also testified that he did not want the police reports admitted because they contained prejudicial statements. We conclude that the district court did not err by denying this claim. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (trial counsel's tactical decisions are virtually unchallengeable).

Second, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to call witnesses who would have testified that (1) Godoy paid for part of the vehicle he allegedly stole, (2) the victim had given Godoy permission to use the vehicle in the past, (3) the victim had falsely accused Godoy of stealing the vehicle in the past, and (4) the victim bailed Godoy out of jail after the incident. Godoy fails to demonstrate deficiency or prejudice. At trial, counsel cross-examined the victim regarding these assertions. And at the evidentiary hearing, counsel testified that he made a strategic decision to

_____

[1]Godoy has not provided this court with the trial transcripts. We remind counsel for Godoy that it is appellant's burden to provide all documents essential to the decision of issues presented on appeal. *See* NRAP 30(b)(2)-(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). The State has provided the portions of the trial transcripts relevant to its arguments.

elicit this information from the victim directly rather than through witnesses because he did not believe the witnesses he located would be helpful. We conclude that the district court did not err by denying this claim.

Third, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to request a jury instruction regarding permission. Godoy fails to demonstrate deficiency or prejudice because, during the post-conviction proceedings below, he did not present the district court with an instruction that counsel should have offered which would have altered the outcome of trial. We conclude that the district court did not err by denying this claim.

Fourth, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to object to the introduction of prior bad acts at trial. The district court erred by denying this claim based on the law-of-the-case doctrine. Nevertheless, Godoy fails to demonstrate the district court erred by denying this claim because he has not provided citation to the record wherein the allegedly improper evidence was admitted, *see* NRAP 3C(e)(1)(C); NRAP 28(e)(1), and based on our review of the record provided, we discern neither deficiency nor prejudice, *see Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (this court will affirm a decision of the district court if it reaches the right result, even if for the wrong reason).

Fifth, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to offer a curative instruction when a juror saw him in custody. Godoy fails to demonstrate deficiency or prejudice. Counsel testified that the juror seeing Godoy in custody was irrelevant and he did not seek an instruction because he had

informed the jury that Godoy was in custody in order to demonstrate the number of times the victim contacted him after the incident, and the district court instructed the jury that it was to consider Godoy's custody status only for that purpose. We conclude that the district court did not err by denying this claim.

Sixth, Godoy contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate a cell phone found in the victim's vehicle, which he claims would have proven that he was not in possession of the vehicle. Godoy fails to demonstrate prejudice. Even assuming that the cell phone was not his, Godoy's name was written on evidence found in the vehicle and other evidence demonstrated that he had been in possession of the vehicle. We conclude that the district court did not err by denying this claim.

Seventh, Godoy contends that the district court erred by denying his claim that counsel's errors, considered cumulatively, entitle him to relief. Because we agree with the district court that counsel did not err, we conclude that this claim lacks merit.

*Other claims*

Next, Godoy contends that the district court erred by denying his claim that the State "improperly joined" the charges of possession of stolen property and robbery. We reject this contention for two reasons. First, although Godoy asserts that this claim was raised below as "supplemental ground two," it was not raised or considered by the district court.[2] Second, the claim is waived because it could have been raised on

[2]Godoy concedes that this claim was not explicitly raised below but asserts that it was implicitly raised during the evidentiary hearing; *continued on next page . . .*

SUPREME COURT
OF
NEVADA

4

(O) 1947A

direct appeal, *see* NRS 34.810(1)(b)(2), and Godoy fails to demonstrate good cause and prejudice for failing to raise the claim sooner or that he has suffered a fundamental miscarriage of justice, *see Clem v. State*, 119 Nev. 615, 621, 81 P.3d 521, 526 (2003).

Finally, Godoy contends that the district court erred by denying his claim that he was deprived of his right to allocution. On direct appeal, this court concluded that Godoy's right to allocution was violated, but Godoy failed to demonstrate prejudice; the law-of-the-case doctrine precluded further litigation on this issue. *See Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). We conclude that the district court did not err by denying this claim.

Having considered Godoy's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____
... *continued*

however, it does not appear that the district court permitted Godoy to raise claims at the evidentiary hearing that were not previously pleaded. *See Barnhart v. State*, 122 Nev. 301, 303, 130 P.3d 650, 651 (2006). Godoy also asserts, for the first time, that counsel was ineffective for failing to make this argument at trial. We decline to consider this assertion. *See* NRAP 28(c); *see also Elvik v. State*, 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments made for the first time in a reply brief prevent the respondent from responding with specificity).

cc: Hon. Patrick Flanagan, District Judge
Story Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A